UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION
CASE NO. 3:09-cv-00860-TJC-TEM

ABERCROMBIE & FITCH STORES, INC. d/b/a
ABERCROMBIE AND FITCH,

    Plaintiff,

v.

TEXAS FIXTURE INSTALLERS a/k/a TEX CON
or TEX CON SERVICES or TEXCON, a foreign
corporation,

    Defendant.

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION
OF INSURANCE POLICY DOCUMENTATION
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, ABERCROMBIE & FITCH STORES, INC. d/b/a ABERCROMBIE AND FITCH ("A&F" or "Plaintiff"), by and through its undersigned counsel and in accordance with the applicable Federal Rules of Civil Procedure and Local Rules of this Court, hereby moves this Court to compel Defendant, TEXAS FIXTURE INSTALLERS a/k/a TEX CON or TEX CON SERVICES or TEXCON, a foreign corporation, or its counsel or insurer, The Republic Group ("Republic"), to provide undersigned counsel with Florida mandated liability insurance coverage information, including copies of the applicable policy, and in support thereof Plaintiff states:

CASE NO.  3:09-cv-00860-TJC-TEM

1. As stated in the Complaint, A&F repeatedly attempted to obtain from Defendant, its insurer Republic and/or its Florida counsel, Florida statutorily mandated insurance information pursuant to Florida Statutes Section 627.4137.

2. Specifically, undersigned counsel for A&F, prior to commencement of this matter by filing the Complaint and as stated in the Complaint, requested information concerning the liability insurance coverages of Defendant, an insured of Republic, including a copy of the policy.  Pursuant to the provisions of Section 627.4137., undersigned counsel requested within 30 days a statement under oath by a corporate officer, claims manager or superintendent of Defendant setting forth the statutorily required information with respect to each known policy of insurance pertaining to Defendant.  The information required the name of the insurer, the name of each insured, the limits of liability coverage, a statement of any policy or coverage defense which the insured reasonably believed was available at the time of filing the statement, and a copy of the policy, as well as any declaration pages pertaining to the policy.

3. Defendant, by way of its counsel, refused to provide the requested information.  Via the correspondence attached to the Complaint, additional copies of which are attached hereto, Defendant chose to stonewall production of the requested information. It is clear that Republic is an insurer of Defendant and that Defendant is an insured of Republic working in Florida with Republic's knowledge and consent while covered under

CASE NO. 3:09-cv-00860-TJC-TEM

a Republic generated liability policy. Therefore, the information requested by undersigned counsel exists. However, to date undersigned counsel has been stonewalled by Defendant's attorney as explained in his letter attached hereto all designed to delay or avoid production of insurance information which clearly exist and which are relevant herein.

    4.    Plaintiff moves this Court for an Order compelling Defendant, its counsel and/or The Republic Group to immediately produce the Florida mandated statutorily required insurance information as stated herein.

## II.  MEMORANDUM OF LAW

Requests for production of documents are governed by Fed. R. Civ. P. 34, which provides in relevant part, that a party may serve on any other party a request within the scope of Rule 26(b)

> "to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> (A) any designated documents or electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
>
> (B) any designated tangible things;..."

Fed.R.Civ.P. 34(a)(1)(A) and (B). The party submitting the discovery request may move for an order under Rule 37(a) with respect to any objection or other failure to respond to the

CASE NO. 3:09-cv-00860-TJC-TEM

request or any part thereof, or any failure to permit inspection as requested. "Fed. R. Civ. P. 37(a)(3)(B) states, in pertinent part, that a party may move for an order to compel disclosure or for production or inspection of materials. Fed. R. Civ. P. 37(a)(5)(A) further provides, in relevant part, that if the motion is granted .... the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees.[1]

Here, it is clear that the insurance information requested by A&F pursuant to Florida Statutes § 627.4137 exists but that its production is and has been stonewalled by Defendant's counsel. Defendant is a Texas corporation served with process at its Texas address at 8838 FM 1565, Royse City, Texas 75189; however, Defendant, its insurer and its Florida counsel improperly refuse to comply with Florida Statutes § 627.4137 (see Stevens letter attached hereto) despite Defendant being an insured of The Republic Group. Indeed, the independent insurance adjuster, Custard Insurance Adjusters, admitted in writing that "The Republic

---

[1] The relevant standard for purposes of discovery provides:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). There is no doubt that Defendant's insurance information is highly relevant to this matter.

-4-

CASE NO. 3:09-cv-00860-TJC-TEM

Group who insured Texas Fixture" and that Custard is an adjusting company out of Jacksonville for insured TFI. See letter attached hereto. Thus, the position taken by Defendant's counsel that "The Republic Group does not write any insurance policies" and that "it does not do business in the State of Florida" is wrong and a stonewall tactic to evade producing evidentiary materials, namely, the insurance information requested by A&F and undersigned counsel. Defendant also admitted liability for the incident stated in the Complaint [pipe explosion] and is covered by a policy of insurance issued by or with the aid of The Republic Group which markets itself on its website as an insurer, insurance enabler, and/or insurance broker.

Florida Statutes Section 627.4137 mandates that certain insurance information be produced to a requesting party. *See* Florida Statutes Section 627.4137. Defendant was recently served with process in Texas and thus there is no reason for Defendant, The Republic Group, or its counsel to refuse production of the statutorily mandated insurance information referenced above. In response to the many overtures of undersigned counsel requesting insurance information, counsel for Defendant and Defendant's insurer patronizingly and incorrectly stated as follows:

> "Your letter of July 27, 2009, directed to Barbara Laster at the Republic Group in Dallas, Texas, was referred to me for a response. You can direct all future correspondence to me, as I will be the attorney handling this matter if a lawsuit is filed. It is noted that you have requested information pursuant to Florida Statutes 627.4137 regarding disclosure of insurance information. However, since the Republic Group does not write any insurance policies in

-5-

CASE NO. 3:09-cv-00860-TJC-TEM

the State of Florida, it is not bound to comply with said Florida Statute. We have checked with the Florida Department of Insurance and were advised that we are correct as this statute cannot be enforced against an insurance carrier that does not do business in the State of Florida. Therefore, on behalf of the Republic Group and particularly Ms. Laster, we will not be furnishing you with the information you have requested nor will we be providing you with a copy of their insurance policy issued to Texas Fixture Installers. Certainly, if you have some statutory or case law authority that indicates differently from this opinion, then please furnish same to me for review and consideration."

This letter fails to mention how **Defendant was also served with Plaintiff's Section 627.4137 request and also failed to comply with same**.[2] In short, Mr. Stevens is plainly wrong. Republic is indeed an insurer of Defendant and that Defendant is an insured of Republic governed and working in Florida with Republic's knowledge and consent under a Republic generated liability policy. Most telling is the letter of Custard Insurance Adjuster's, an independent third party which states in the very first paragraph: "**The Republic Group who insured Texas Fixture**" **and that Custard is an adjusting company out of Jacksonville for insured TFI.** This statement is contrary to Mr. Stevens letter of August 6, 2009, or at least raises an eyebrow or two, because he wrote that "The Republic Group does not write any insurance policies" and that "it does not do business in the State of Florida". One of these two letters is wrong and something is not square with these responses.

---

[2] TFI must provide the statutorily mandated insurance information because as an insured they must provide per *Underwriters at Lloyd's London v. Osting-Schwinn*, 2008 U.S. Dist. LEXIS 86786 (M.D. Fla. 2008).

-6-

CASE NO. 3:09-cv-00860-TJC-TEM

Consequently, and in light of the improper and incorrect letter submitted by Mr. Stevens, undersigned counsel and A&F have no choice but to seek Court intervention via this Motion to Compel seeking production of the required insurance information, including the insurance policy.

### III. CONCLUSION

Based on the foregoing and in light of the above cited authorities, undersigned respectfully requests that this Court grant this motion; that an Order be entered compelling Defendant or Republic to produce any and all information responsive to Florida Statutes Section 627.4137, for all of Plaintiff's incurred attorney's fees and costs, and for any and all further relief that the Court deems just and proper.

### CERTIFICATION OF COUNSEL

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 3.01(g), Local Rules of the U.S. District, Middle District of Florida, undersigned counsel certifies that he has in good faith conferred with counsel for Defendant in an effort to obtain a resolution to this motion without Court action but said good faith efforts have failed to achieve the results referenced in this motion and counsel has thus had no option but to file this Motion.

CASE NO.  3:09-cv-00860-TJC-TEM

Respectfully submitted,

s/Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
Mgarcia@fowler-white.com
*Trial Counsel for Plaintiff*

s/Juan Jose Perez
Juan Jose Perez, Esq.
Ohio Bar No.0030400
jperez@perez-morris.com
s/Joshua D. Rockwell
Joshua D. Rockwell, Esq.
Ohio Bar No.  0081107
Perez & Morris LLC
8000 Ravine's Edge Court, Suite 300
Columbus, Ohio  43235
Telephone: (614) 431-1500
Facsimile: (614) 431-3885
jrockwell@perez-morris.com
*Of Counsel for Plaintiff*

CASE NO. 3:09-cv-00860-TJC-TEM

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2009, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Michael Alexander Garcia

## SERVICE LIST

ABERCROMBIE & FITCH STORES, INC. d/b/a ABERCROMBIE AND FITCH
v. TEXAS FIXTURE INSTALLERS a/k/a TEX CON or
TEX CON SERVICES or TEXCON
CASE NO. 3:09-cv-00860-TJC-TEM
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Harold S. Stevens, Esq.
Florida Bar No. 202746
Quintairos, Prieto, Wood & Boyer, P.A.
One East Broward Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 523-7008
Facsimile: (954) 523-7009
Email: hstevens@qpwblaw.com
*Attorneys for Defendant*
Service via transmission of
Notices of Electronic Filing
generated by CM/ECF

jw] W:\78817\MTNCPL29-Motion to Compel Production of Insurance Policy.MAG{9/29/9-13:47}