UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION
CASE NO. 3:09-cv-00860-TJC-TEM

ABERCROMBIE & FITCH STORES, INC. d/b/a
ABERCROMBIE AND FITCH,

    Plaintiff,

v.

TEXAS FIXTURE INSTALLERS a/k/a TEX CON
or TEX CON SERVICES or TEXCON, a foreign
corporation,

    Defendant.

**PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL PRODUCTION
OF COMPLETE INSURANCE INFORMATION PURSUANT TO FLORIDA
STATUTES § 627.4137 AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, ABERCROMBIE & FITCH STORES, INC. d/b/a ABERCROMBIE AND FITCH ("A&F" or "Plaintiff"), by and through its undersigned counsel and in accordance with the applicable Federal Rules of Civil Procedure and Local Rules of this Court, hereby moves this Court in supplemental fashion to compel Defendant, TEXAS FIXTURE INSTALLERS a/k/a TEX CON or TEX CON SERVICES or TEXCON, or its counsel or insurer, The Republic Group ("Republic"), to provide undersigned counsel with Florida mandated complete insurance coverage information pertaining to Defendant, including the required statement under oath of a corporate officer of Defendant or its insurer, claims manager or superintendent, and in support thereof A&F states:

CASE NO. 3:09-cv-00860-TJC-TEM

1. On October 14, 2009, counsel for Defendant for the first time produced a copy of Defendant's insurance policy along with a letter. See Exhibit "A" attached hereto.[1]

2. However, counsel for Defendant refuses, despite the clear language of Florida Statute § 627.4137, to provide what is required by said Statute, namely, a statement under oath of the corporate officer or the insurer's claims manager or superintendent setting forth the information with regard to each known policy of insurance. As reflected in the emails from Defendant's counsel attached hereto as Exhibit "B", Defendant's counsel simply refuses to comply with the clear wording of the Statute.

3. The Statute also requires that the statement required by subsection 1, as stated above, shall be amended immediately upon discovery of facts calling for an amendment to such statement. A copy of the Statute is attached hereto for the Court's reference.

4. Prior to this Motion, Plaintiff was required to file a Motion to Compel for precisely the same information requested herein, as well as a copy of the policy, said Motion being electronically filed on September 29, 2009.

5. Defendant is taking the position that the letter from counsel, part of Exhibit "A" attached hereto, suffices under the Statute. Obviously, the Statute requires more than

---

[1] Defendant did not respond to A&F's Motion to Compel e-filed September 29, 2009 requesting this policy.

CASE NO.  3:09-cv-00860-TJC-TEM

a letter from a lawyer.  It requires a statement under oath from the insurer or a corporate officer of the Defendant.

6.      Defendant has placed the requested information into issue in this case. Significantly, Defendant claims that either Defendant was not properly served with process or is not a proper Defendant in this matter.  A statement under oath by the aforesaid individual as required by the Statute will greatly aid an understanding about this defense and Defendant as well as providing a witness with knowledge about both Defendant and its coverage on the date of loss.

7.      In any event, Florida law requires that the statement under oath be submitted to undersigned counsel for Plaintiff.  The letter from Harold Stevens, Esq., even if he notarizes his own letter, is simply insufficient as a matter of law.

## II. MEMORANDUM OF LAW

Requests for production of documents are governed by Fed. R. Civ. P. 34, which provides in relevant part, that a party may serve on any other party a request within the scope of Rule 26(b)

> "to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> (A) any designated documents or electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation

CASE NO. 3:09-cv-00860-TJC-TEM

> by the responding party into a reasonably usable form; or
>
> (B) any designated tangible things;..."

Fed.R.Civ.P. 34(a)(1)(A) and (B). The party submitting the discovery request may move for an order under Rule 37(a) with respect to any objection or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested. "Fed. R. Civ. P. 37(a)(3)(B) states, in pertinent part, that a party may move for an order to compel disclosure or for production or inspection of materials. Fed. R. Civ. P. 37(a)(5)(A) further provides, in relevant part, that if the motion is granted .... the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees.[2]

      Here, it is clear that the insurance information [the required statement under oath] requested by A&F pursuant to Florida Statutes § 627.4137 can be produced but its

---

[2]     The relevant standard for purposes of discovery provides:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). There is no doubt that the statement under oath is highly relevant to this matter in light of Defendant's defenses.

CASE NO. 3:09-cv-00860-TJC-TEM

production is and has been stonewalled by Defendant. Defendant or its insurer simply refuse to fully and properly comply with Florida Statutes § 627.4137.

Florida Statutes Section 627.4137 mandates that certain insurance information be produced to a requesting party. *See* Florida Statutes Section 627.4137. Defendant was recently served with process in Texas and thus there is no reason for Defendant, The Republic Group, or its counsel to refuse production of the statutorily mandated insurance information referenced above. *See Schlosser v. Perez*, 832 So. 2d 179, 181 (Fla. 2nd DCA 2002)(Fla. Stat. ch. 627.4137(1) provides that upon request by a claimant, a liability insurer shall provide a statement, under oath, setting forth certain information regarding each known policy of insurance); *See Underwriters at Lloyd's London v. Osting-Schwinn*, 2008 U.S. Dist. LEXIS 54619 (M.D. Fla. 2008)(court held insurer met requirement that a copy of the policy be verified by a corporate officer, claims manager, or superintendent when the insurer had the policy verification issued by the president of its surplus lines agent. The court reasoned that § 627.4137 could be read to allow a corporate executive of a surplus lines insurer to attest to the validity of a policy). Indeed, this Court has already held that Fla. Stat. § 627.4137(1) "**enumerates not only the information an insurer must provide when so requested, but also the manner is which it must be provided**". *Id.* (Emphasis supplied) It is cleat that Defendant must properly and fully comply with Fla. Stat. § 627.4137(1) and furnish the statement under oath.

CASE NO. 3:09-cv-00860-TJC-TEM

Defendant was also served with Plaintiff's Section 627.4137 request and also failed to fully comply with same.[3]

### III.  CONCLUSION

Based on the foregoing and in light of the above cited authorities, undersigned respectfully requests that this Court grant this motion; that an Order be entered compelling Defendant to comply in full with Florida Statutes Section 627.4137 including providing the required statement under oath; for Plaintiff's incurred attorney's fees and costs, and for such other and further relief that the Court deems just and proper.

### CERTIFICATION OF COUNSEL

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 3.01(g), Local Rules of the U.S. District, Middle District of Florida, undersigned counsel certifies that he has in good faith conferred with counsel for Defendant in an effort to obtain a resolution to this motion without Court action but said good faith efforts have failed to achieve the results referenced in this motion and counsel has thus had no option but to file this Motion.

---

[3] TFI must provide the statutorily mandated insurance information because as an insured they must provide per *Underwriters at Lloyd's London v. Osting-Schwinn*, 2008 U.S. Dist. LEXIS 86786  (M.D. Fla. 2008).

-6-

CASE NO. 3:09-cv-00860-TJC-TEM

Respectfully submitted,

s/Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
Mgarcia@fowler-white.com
*Trial Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2009, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Michael Alexander Garcia

CASE NO.  3:09-cv-00860-TJC-TEM

## SERVICE LIST

ABERCROMBIE & FITCH STORES, INC. d/b/a ABERCROMBIE AND FITCH
v. TEXAS FIXTURE INSTALLERS a/k/a TEX CON, et al.
CASE NO.  3:09-cv-00860-TJC-TEM
UNITED STATES DISTRICT COURT-MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Harold S. Stevens, Esq.
Florida Bar No.  202746
Quintairos, Prieto, Wood & Boyer, P.A.
One East Broward Boulevard, Suite 1400
Fort Lauderdale, Florida  33301
Telephone:  (954) 523-7008
Facsimile:  (954) 523-7009
Email:  hstevens@qpwblaw.com
*Attorneys for Defendant*
Service via transmission of
Notices of Electronic Filing
generated by CM/ECF

jw] W:\78817\MTNCPL12-Supplemental.MAG{10/22/9-13:58}