**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ABERCROMBIE & FITCH STORES, INC.,
d/b/a/ ABERCROMBIE & FITCH,

    Plaintiff,

v.                                                CASE NO. 3:09-cv-860-J-TEM

TEXAS FIXTURE INSTALLERS, etc., et al.

    Defendants.
_____

## O R D E R

This matter is before the Court on Plaintiff's Motion to Compel Production of Insurance Policy Information (Doc. #5), Defendants' Notice of Filing Insurance Declarations (Doc. #19), Plaintiff's Supplemental Motion to Compel Production of Insurance Policy Information (Doc. #21), and Defendants' response in opposition thereto (Doc. #38). On February 17, 2010, a hearing was held before the undersigned (Doc. #40, Minutes).

For the reasons stated herein, and on the record at the hearing, Plaintiff's Supplemental Motion to Compel Production of Insurance Policy Information (Doc. #21, Supplemental Motion) shall be granted.[1]

This is a diversity action wherein Defendants[2] allegedly negligently performed contracting services in a commercial property located above Plaintiff's premises (*see* Doc.

---

[1]Plaintiff's Supplemental Motion to Compel Production of Insurance Policy Information (Doc. #21) is a subsequently filed motion which renders the previously filed Motion to Compel Production of Insurance Policy Information (Doc. #5) moot.

[2]Presently pending before the Court are several motions to dismiss (Docs. #7, #8, #45, #52). One of the grounds Defendants assert for dismissal is that Defendant Tex Con Services or Texcon is a separate entity that was not involved in the incident(s) that give rise to the complaint. This matter is disputed by Plaintiff and has yet to be resolved by the Court; therefore, for the sake of uniformity (at this juncture), the Court will continue to refer to Defendants collectively.

#1). Plaintiff claims that on July 28, 2007, Defendants "recklessly caused pipes to break and burst thereby causing flooding and damages to Plaintiff's store and its contents" (Doc. #53 at 2). Defendants' insurer has retained counsel who entered a special appearance in order to, *inter alia*, question whether service of process has been properly effectuated and whether this Court has jurisdiction.[3]

Apparently in response to Plaintiff's Motion to Compel Production of Insurance Policy Information (Doc. #5), Defendants filed a Notice of Filing Insurance Declarations (Doc. #19). Said document contains some, but not all, of what is required by Fla. Stat. § 627.4137. Namely, the document fails to contain a statement under oath of either: (1) the insurer's corporate officer; (2) the insurer's claims manager; or (3) the insurer's superintendent setting forth the information with regard to each known policy of insurance. After pointing out the deficiencies with Defendants' response and requesting full compliance with the statute, Defendants refused (*see* Doc. #21-3). Consequently, Plaintiff filed the Supplemental Motion to Compel Complete Insurance Information Pursuant to Florida Statutes § 627.4137 and Incorporated Memorandum of Law (Doc. #21). The Supplemental Motion request that the Court compel Defendants to provide it the insurance information described above, under oath (Doc. #21 at 1-3).

Based on Defendants refusal to comply fully with the statute despite the plain language of the statute, *supra*, the Court ordered Defendants to file a response to the

---

[3]Defendant Texas Fixtures Installers (apparently a sole proprietorship), by special appearance *via* the Republic Group/Republic Lloyd's counsel, maintains that it was never served (Doc. #7 at 1). Thus, it moves to dismiss the complaint for insufficient service of process and lack of personal jurisdiction (Doc. #7 at 1). It is alleged that Tex Con Services (which was the entity that was served with a copy of the complaint) should not be a party to the action because it is a separate sole proprietorship that simply happened to be sharing office space with Texas Fixture Installers and that it did not engage in any activity which led to the filing of the complaint (*see* Doc. #8, Tex Con Services Motion to Dismiss the Complaint).

instant motion (Doc. #37, Order). In compliance therewith, Defendants filed a response in opposition (Doc. #38). In said response, counsel for Defendants steadfastly maintain the following:

> The Republic Group/Republic Lloyds was not a Florida insurer; and Exhibit C hereto, printouts from the Florida Office of Insurance Regulation confirming that neither Republic Lloyds, nor The Republic Group are registered as insurers doing business in the state of Florida. Moreover, even a cursory reading of the Defendant's insurance policy reveals that Texas Fixture Installers, a Texas business, was written a policy of insurance by Republic Lloyds, a Texas insurer, which was sold by Glenn-Madden & Associates Insurance Agency, a Texas insurance agent and has absolutely no connection to the state of Florida whatsoever. *See generally* Exhibit A hereto.
>
> Florida law for insurers and insurance policies has long been established– the law of the jurisdiction where the policy was entered into governs the rights and liabilities of the parties, a doctrine known as *lex loci contractus*. *See State Farm Mutual Automobile Insurance Company v. Roach*, 954 So.2d 1160 (Fla. 2006). In short, Florida law will not govern or apply to the policy issued to Texas Fixture Installers or its insurer in this matter, and since Republic Lloyds/The Republic Group does not do business in Florida and is not a party to this lawsuit, they are not subject to the jurisdiction of this Court.

(Doc. #38 at 2-3) (emphasis added).

The Court is not persuaded by Defendants' assertions. To illustrate Florida Statutes § 627.4137 provides:

> (1) Each **insurer** which **does or may** provide liability insurance coverage to pay all or a portion of **any claim which might be made** shall provide, within 30 days of the written request of the claimant, a **statement, under oath, of a corporate officer or the insurer's claims manager or superintendent** setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:
>
>   (a)  The name of the insurer;
>   (b)  The name of each insured;
>   (c)  The limits of the liability coverage;
>   (d)  A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the

3

            time of filing such statement; and
(e)    A copy of the policy.

Fla. Stat. § 627.4137 (emphasis added).

The operative language of the statute, *supra*, requires that any insurer that provides insurance coverage regarding any claim which might be made in the State of Florida to provide the required information. The statute benefits third parties, as well as the insured. Therefore, the doctrine of *lex loci contractus* does not apply in this instance to relieve an insurance provider of its obligations to third parties under Fla. Stat. § 627.4137. This is especially so in this instance where the Republic Group/Republic Lloyds hired an independent insurance adjusting company (domiciled in the state of Florida) to inspect the damage and estimate the amount the Republic Group/Republic Lloyds might be liable for under the policy at issue (*see* Doc. #1 at 15; *see also* Doc. #5 at 6).

In addition, since the Republic Group/Republic Lloyds submitted documents to Plaintiff "in formal compliance with Florida Statute 627.4137," it must nevertheless fully comply with the statute (Doc. #34-2 at 4). *See Underwriters at Lloyd's London v. Osting-Schwinn*, 545 F. Supp. 2d 1261, 1266 (M.D. Fla. 2008).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Supplemental Motion to Compel Production of Insurance Policy Information (Doc. #21) is **GRANTED**.

2. **The Republic Group/Republic Lloyds shall** provide Plaintiff with a signed declaration, <u>under oath</u>, of either its corporate officer, its claims manager, or its superintendent setting forth the information required by Fla. Stat. § 627.4137 **by <u>June 18, 2010</u>**.

3. **Plaintiff's requests for costs and attorney's fees** associated with having to compel Defendants to produce this information **is GRANTED**.

4. The parties subject to this Order shall meet and agree upon an appropriate sum representing Plaintiff's reasonable costs and attorney's fees regarding this matter. If the parties subject to this Order are unable to agree, Plaintiff shall, **within twenty (20) days** from the date of this Order, file an affidavit as to fees. Defendants shall have **ten (10) days** from the service of the affidavit within which to respond.

5. Plaintiff's Motion to Compel Production of Insurance Policy Information (Doc. #5) is **deemed MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of May, 2010.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge