**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ABERCROMBIE & FITCH STORES, INC.,
d/b/a/ ABERCROMBIE & FITCH,

        Plaintiff,

CASE NO. 3:09-cv-860-J-TEM

v.

TEXAS FIXTURE INSTALLERS, etc.,

        Defendant.

_____

## O R D E R

This matter is before the Court on Plaintiff's Motion to Permit Service of Process Interrogatories (Doc. #24), Plaintiff's Motion to Compel Deposition of Barbara Laster (Doc. #33), Defendants' Motion for Protective Order Regarding Plaintiff's Supplemental Interrogatories (Doc. #42), and the parties' respective responses in opposition to said motions (Docs. #25, #35, and #43).

On February 17, 2010, a hearing was held before the undersigned (Doc. #40, Minutes).[1] For the reasons stated herein, and on the record at the hearing, Plaintiff's Motion to Permit Service of Process Interrogatories (Doc. #24) shall be granted in part, Plaintiff's Motion to Compel Deposition of Barbara Laster (Doc. #33) shall be granted in part, and Defendants' Motion for Protective Order Regarding Plaintiff's Supplemental Interrogatories (Doc. #42) shall be granted in part.

---

[1] The hearing concerned all the instant motions except Defendants' Motion for Protective Order Regarding Plaintiff's Supplemental Interrogatories (Doc. #42), which was filed subsequent to the hearing.

This is a diversity action wherein Defendants[2] allegedly negligently performed contracting services in a commercial property located above Plaintiff's premises (*see* Doc. #1). More particularly, Plaintiff claims that on July 28, 2007, Defendants "recklessly caused pipes to break and burst thereby causing flooding and damages to Plaintiff's store and its contents" (Doc. #53 at 2). Defendants' insurer, the Republic Group/Republic Lloyds, has retained counsel who has entered a special appearance in order to, *inter alia*, question whether service of process has been properly effectuated and whether this Court has jurisdiction.[3]

By way of background, 8838 FM 1565 Royse City, Texas 57189 is apparently the last known business address for Texas Fixture Installers (*see* Doc. #1 at 2). On September 29, 2009, Plaintiff's process server served a copy of the summons and complaint upon an individual named Rodney Sebastian at 8838 FM 1565 Royse City, Texas 57189 (*see* Doc. #6, Return of Service). Mr. Sebastian is apparently the sole proprietor of Tex Con Services (*see* Doc. #8-1, Affidavit of Rodney Sebastian). It is alleged that Tex Con Services (which was the entity that was served with a copy of the complaint) should not be a party to the action because it is a separate sole proprietorship that "merely shared office space" with

---

[2] Presently pending before the Court are several motions to dismiss (Docs. #7, #8, #45, #52). One of the grounds Defendants assert for dismissal is that Defendant Tex Con Services or Texcon is a separate entity that was not involved in the incident(s) that give rise to the complaint. This matter is disputed by Plaintiff and has yet to be resolved by the Court; therefore, for the sake of uniformity (at this juncture), the Court will, unless otherwise indicated, refer to Defendants collectively.

[3] Defendant Texas Fixtures Installers (apparently a sole proprietorship), by special appearance *via* the Republic Group/Republic Lloyds' counsel, maintains that it was never served (Doc. #7 at 1). Thus, it moves to dismiss the complaint for insufficient service of process and lack of personal jurisdiction (Doc. #7 at 1). It is additionally alleged that Tex Con Services (which was the entity that was served with a copy of the summons and complaint) should not be a party to the action because it is a separate sole proprietorship that simply happened to be sharing office space with Texas Fixture Installers, and that it did not engage in any conduct which led to the filing of the complaint (*see* Doc. #8, Tex Con Services Motion to Dismiss the Complaint).

Texas Fixture Installers, and that it did not engage in any conduct which led to the filing of the complaint (*see* Doc. #8, Defendant Tex Con Services' Motion to Dismiss the Complaint).[4]

At the hearing, counsel for Defendants stated that Texas Fixtures Installers does not operate its business from the address where the complaint was served (*i.e.* 8838 FM 1565 Royse City, Texas 57189). In addition, the Affidavit of Rodney Sebastian states that Texas Fixture Installers "ceased operating out 8838 FM 1565 Royse City, Texas 57189 on or about January 2009" (Doc. #8-1 at 2). These assertions, however, have been contradicted by subsequently filed documents (*see* Docs. #44 and #47, Notices of Filing Affidavits of Service).

More particularly, "in an effort to ease both Court concerns about TFI [Texas Fixture Installers] being served with process and address Defendants' many motions [to dismiss] and thereby move this matter forward," Plaintiff attempted to re-effectuate service of process on Defendant Texas Fixture Installers (Doc. #53 at 2). Pursuant to the same, Plaintiff has filed several affidavits by a Texas process server (Docs. #44 and #47), which indicate that the principal of Texas Fixture Installers, Jimmy L. Bozeman, both resides at and continues to operate Texas Fixture Installers from 8838 FM 1565 Royse City, Texas 57189) (*see* Docs. #44 and #47).

In light of the contradictory affidavits that have been filed, the Court finds Plaintiff is entitled to limited discovery with respect to *in personam* jurisdiction as to Tex Con Services.

---

[4]Based on representations made at the hearing, and on the record as a whole, it appears that 8838 FM 1565 Royse City, Texas 57189 is a residential property which has at least one mobile home trailer located upon its premises (*see e.g.* Docs. #44, #43-1, and #47). It also appears that Tex Con Services and Texas Fixture Installers both operate from said property.

This is especially so considering Plaintiff argues that Defendant Texas Fixture Installers' complete or correct legal name may not be known at this time and that Plaintiff should be entitled to discovery regarding the same (Doc. #10 at 3). *See Exhibit Icons, LLC v. XP Cos., LLC*, 2008 U.S. Dist. LEXIS 15971 (S.D. Fla. 2008) ("a plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum"); *see also Aung Lin Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1274-75 (S.D. Fla. 2004) (plaintiff entitled to discovery; dismissal was inappropriate as discovery had been insufficient and issues of fact as to the relationship between defendants prevented a decision).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion to Permit Service of Process Interrogatories (Doc. #24) is **GRANTED to the extent that** Plaintiff shall be entitled to obtain answers to the Supplemental Interrogatories propounded to Rodney Sebastian (*see* Doc. #41).

2. Rodney Sebastian shall answer Plaintiff's Supplemental Interrogatories, *supra*, by **June 25, 2010**.

3. Defendants' Motion for Protective Order Regarding Plaintiff's Supplemental Interrogatories (Doc. #42) is **GRANTED only to the extent that**, by responding to the subject Supplemental Interrogatories, Defendant Tex Con Services shall neither be deemed to have waived its jurisdictional objections, nor shall it be deemed to have made a general appearance in this matter.

4. Plaintiff's Motion to Compel Deposition of Barbara Laster (Doc. #33) is **GRANTED to the extent that** Plaintiff may conduct a telephonic deposition of Barbara Laster (which may include a videographer at Plaintiff's expense).[5]

**DONE AND ORDERED** at Jacksonville, Florida this  8th  day of June, 2010.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge

---

[5] Barbara Laster is a Republic Group/Republic Lloyds' claims representative who Plaintiff believes may have information related to the instant jurisdictional matters (Doc. #33 at 1; *see also* Doc. #34-2).