**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ABERCROMBIE & FITCH STORES, INC.,
d/b/a/ ABERCROMBIE & FITCH,

        CASE NO. 3:09-cv-860-J-TEM

    Plaintiff,

v.

TEXAS FIXTURE INSTALLERS, etc.,

    Defendant.
_____

## O R D E R

This matter is before the Court on Defendant Tex Con Services' motion to dismiss the complaint for lack of personal jurisdiction (Doc. #8), Defendants' motion to stay discovery (Doc. #27), and Plaintiff's respective responses in opposition thereto (Docs. #10 and #28).

On February 17, 2010, a hearing was held before the undersigned (Doc. #40, Minutes). For the reasons stated herein, and on the record at the hearing, Defendant Tex Con Services' motion to dismiss the complaint for lack of personal jurisdiction shall be denied without prejudice and Defendants' motion to stay discovery (Doc. #27) shall be granted to the extent provided herein.

This is a diversity action wherein Defendants[1] allegedly negligently performed contracting services in a commercial property located above Plaintiff's premises (*see* Doc. #1). More particularly, Plaintiff claims that on July 28, 2007, Defendants "recklessly caused

---

[1] One of the grounds Defendants assert for dismissal is that Defendant Tex Con Services or Texcon is a separate entity that was not involved in the incident(s) that give rise to the complaint (*see generally* Doc. #8). This matter is disputed by Plaintiff and has yet to be resolved by the Court; therefore, for the sake of uniformity (at this juncture), the Court will, unless otherwise indicated, refer to Defendants collectively.

pipes to break and burst thereby causing flooding and damages to Plaintiff's store and its contents" (Doc. #53 at 2). Defendants' insurer, the Republic Group/Republic Lloyds, has retained counsel who has entered a special appearance in order to, *inter alia*, question whether service of process has been properly effectuated and whether this Court has jurisdiction.[2]

By way of background, 8838 FM 1565 Royse City, Texas 57189 is apparently the last known business address for Texas Fixture Installers (*see* Doc. #1 at 2). On September 29, 2009, Plaintiff's process server served a copy of the summons and complaint upon an individual named Rodney Sebastian at 8838 FM 1565 Royse City, Texas 57189 (*see* Doc. #6, Return of Service). Mr. Sebastian is apparently the sole proprietor of Tex Con Services (*see* Doc. #8-1, Affidavit of Rodney Sebastian). It is alleged that Tex Con Services (which was the entity that was served with a copy of the complaint) should not be a party to the action because it is a separate sole proprietorship that "merely shared office space" with Texas Fixture Installers, and that it did not engage in any conduct which led to the filing of the complaint (*see* Doc. #8, Defendant Tex Con Services' Motion to Dismiss the Complaint).[3]

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie*

---

[2]Defendant Texas Fixtures Installers (apparently a sole proprietorship), by special appearance *via* the Republic Group/Republic Lloyds' counsel, maintains that it was never served (Doc. #7 at 1). Thus, it moves to dismiss the complaint for insufficient service of process and lack of personal jurisdiction (Docs. #7, #45, and #52).

[3]Based on representations made at the hearing, and on the record as a whole, it appears that 8838 FM 1565 Royse City, Texas 57189 is a residential property which has at least one mobile home trailer located upon its premises (*see e.g.* Docs. #44, #43-1, and #47). It also appears that Tex Con Services and Texas Fixture Installers have both operated (and may continue to operate) from said property.

case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.*

At the hearing, counsel for Defendants stated that Texas Fixtures Installers does not operate its business from the address where the complaint was served (*i.e.* 8838 FM 1565 Royse City, Texas 57189). In addition, the Affidavit of Rodney Sebastian states that Texas Fixture Installers "ceased operating out 8838 FM 1565 Royse City, Texas 57189 on or about January 2009" (Doc. #8-1 at 2). These assertions, however, have been contradicted by subsequently filed documents (*see* Docs. #44 and #47, Notices of Filing Affidavits of Service).

More particularly, "in an effort to ease both Court concerns about TFI [Texas Fixture Installers] being served with process and address Defendants' many motions [to dismiss] and thereby move this matter forward," Plaintiff attempted to re-effectuate service of process on Defendant Texas Fixture Installers (Doc. #53 at 2). Pursuant to the same, Plaintiff has filed several affidavits by a Texas process server (Docs. #44 and #47), which indicate that the principal of Texas Fixture Installers, Jimmy L. Bozeman, both resides at and continues to operate Texas Fixture Installers from 8838 FM 1565 Royse City, Texas 57189) (*see* Docs. #44 and #47).

On June 8, 2010, in light of the aforementioned contradictory affidavits, the Court found Plaintiff to be entitled to limited discovery with respect to *in personam* jurisdiction as to Tex Con Services and gave the parties instructions regarding the same (*see* Doc. #55,

3

Order).[4]  Due to the present posture of the case, the Court lacks a sufficient basis from which to make an informed decision regarding Defendant Tex Con Services' motion to dismiss the complaint for lack of personal jurisdiction (Doc. #8).

Thus, based on the foregoing, it is hereby **ORDERED**:

1. Defendants' motion to stay discovery (Doc. #27) is **GRANTED to the extent that** general discovery shall be stayed until such time as the Court issues a ruling on Defendant Texas Fixture Installers' Second Amended Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction (Doc. #52).

2. As Defendant Texas Fixture Installers' Second Amended Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction (Doc. #52) supersedes its **previously filed motions to dismiss (Docs. #7 and #45)**, said motions to dismiss **shall be terminated by the Clerk**.  The arguments contained within said documents (*i.e.* Docs. #7 and #45) which have been incorporated by reference in Defendant Texas Fixture Installers' Second Amended Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction (Doc. #52) will continue to be considered by the Court.

3. Defendant Tex Con Services' motion to dismiss the complaint for lack of personal jurisdiction (Doc. #8) is **DENIED without prejudice, with leave to**

---

[4]The facts and conclusions set forth in the Court's June 8, 2010 Order (Doc. #55) are hereby incorporated by reference.

**refile sixty (60) days from the date of this Order**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this  9th  day of June, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

---

[5]The Court's June 8, 2010 Order permitted Plaintiff to engage in limited jurisdictional discovery (*see* Doc. #55). Although the Court did not direct Plaintiff to complete said discovery within a specified time period, it is anticipated that the jurisdictional discovery will not take more than sixty (60) days to complete.