**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ABERCROMBIE & FITCH STORES, INC.,
d/b/a/ ABERCROMBIE & FITCH,

    CASE NO. 3:09-cv-860-J-TEM

  Plaintiff,
v.

TEXAS FIXTURE INSTALLERS,

  Defendant.
_____/

## O R D E R

  This matter is before the Court on Defendant Texas Fixture Installers' ("Defendant") Second Motion to Dismiss the Complaint for Insufficient Service of Process and Lack of Personal Jurisdiction (Doc. #52, Motion to Dismiss). For the reasons stated herein, the Motion is due to be **GRANTED, in part**.

  This is a diversity suit. By way of background, 8838 FM 1565 Royse City, Texas 57189 is apparently the last known business address for Texas Fixture Installers (*see* Doc. #1 at 2). On September 29, 2009, Plaintiff's process server served a copy of the Summons and Complaint upon an individual named Rodney Sebastian at 8838 FM 1565 Royse City, Texas 57189 (*see* Doc. #6, Return of Service). Mr. Sebastian is apparently the sole proprietor of Tex Con Services (*see* Doc. #62-1, Affidavit of Rodney Sebastian). It was alleged that, former defendant, Tex Con Services (which was the entity that was served with a copy of the Complaint), should not have been a party to the action because it is a separate sole proprietorship that "merely shared office space" with Defendant, and did not engage in any conduct which led to the filing of the Complaint (Doc. #62 at 2).

On January 18, 2010, the parties filed a stipulation, wherein it was posited that Tex Con Services should be dropped as a party-defendant (Doc. #68).  Pursuant to said stipulation, the undersigned entered an Order on January 20, 2011 dismissing Tex Con Services as a defendant in this action (Doc. #69).  Also by way of the stipulation (Doc. #68), Defendant Texas Fixture Installers agreed to accept service of process and waive the jurisdictional arguments raised in the instant Motion to Dismiss (Doc. #52).  Therefore, the arguments related to jurisdictional matters are now moot.  Defendant, however, raised several additional arguments in support of the Motion to Dismiss (*see* Doc. #52 at 7-13).  These arguments pertain to the overall sufficiency of the Complaint, as pled (*see* Doc. #52 at 7-13).

Although the Complaint contains some superfluous language and Plaintiff incorporates by reference numerous paragraphs in each count rather than asserting facts in each count separately, the undersigned is not inclined to dismiss the Complaint in its entirety.

On a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, courts must view the complaint in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  Thus, "when ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89 (2007).  The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and [legal] conclusions."  As a general proposition,

the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, courts are to limit their considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Georgia*, 999 F.2d 1508, 1510 (11th Cir. 1993).

In this instance, Defendant first argues the Complaint should be dismissed, in its entirety, as a "shotgun" pleading (Doc. #52 at 8). As noted by Defendant, shotgun pleadings should be condemned by the courts because "it becomes impossible to determine the factual basis of each claim" (Doc. #52 at 8) (*quoting Corbitt v. Home Depot U.S.A.*, 573 F.3d 1233 (11th Cir. 2009). Defendant's assertion in this regard, however, is belied by its subsequent statement that Plaintiff's causes of action all derive from "one isolated incident of a pipe discharging water or wastewater into [Plaintiff's] store on July 28, 2007" (Doc. #52 at 8). Indeed, Plaintiff's causes do derive from a single incident; therefore, it is not impossible for Defendant to determine the factual basis of each of Plaintiff's claims.

Defendant next argues that Plaintiff "attempts to insert [Defendant's] insurer, The Republic Group, into this action in clear violation of Florida's non-joinder statute. . ." (Doc. #52 at 8); *see also* Fla. Stat. § 627.4136. This argument is without merit, as Plaintiff has not attempted to join Defendant's insurer as a party defendant. Moreover, the non-joinder statute to which Defendant refers does provide for a liability insurer to be joined as a party

defendant for the purposes of entering a final judgment or enforcing any settlement. Fla. Stat. § 627.4136(4).

With respect to Defendant's argument that Plaintiff's nuisance and trespass counts should be plead in the alternative (Doc. #52 at 10), Rule 8(d)(2) of the Federal Rules of Civil Procedure provides as follows: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Further, although Defendant may not owe a duty to "the world-at-large," Plaintiff has plead with sufficient particularity facts that support its claim that Defendant owed it a duty to exercise reasonable care and to refrain from negligent acts that could cause damage to its premises (*see* Doc. #1 at 4).

With respect to Defendant's motion to dismiss Plaintiff's claims for indemnity and equitable subrogation, with prejudice, Defendant maintains that there is no third party that was paid (Doc. #52 at 10-11). In the Complaint, however, Plaintiff states that its premises were leased and that it had to pay the costs of repair to the property (Doc. #1 at 3, 7). Common law indemnity is an equitable remedy that arises out of obligations imposed through special relationships. *Rosenberg v. Cape Coral Plumbing, Inc.*, 920 So. 2d 61, 65 (Fla. 2nd DCA 2005) (*citing Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So. 2d 1072, 1077 (Fla. 5th DCA 2003)). "[A] party seeking common law indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another." *Nat'l Beverage Corp. v. Costco Wholesale Corp.*, 736 So. 2d 142, 144 (Fla. 3rd DCA 1999). These factors have been pleaded in this instance (*see* Doc. #1 at 10-11). Defendant argues that there was no "special relationship" between it and Plaintiff; however, a "special

relationship" in this context refers to a duty of care. *See* FLORIDA FORMS JURY INSTRUCTION, Vol. 2, § 50.112[3] cmt. (Matthew Bender 2010).

The Court does, however, find that Plaintiff has not sufficiently plead facts to support its claims for equitable subrogation. Thus, this claim will be dismissed without prejudice.

More particularly,

> equitable subrogation is generally appropriate when the following five factors exist: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party.

*Welch v. Complete Care Corp.*, 818 So. 2d 645, 648 (Fla. 2nd DCA 2002). The Florida Supreme Court, however, has limited this doctrine to situations where the party seeking subrogation has obtained a release for the other party responsible for the debt. *Dade County School Board v. Radio Station WQBA,* 731 So. 2d 638, 647 (Fla.1999). Consequently, in order to state a claim for equitable subrogation, it must be asserted that Plaintiff obtained a full release from the putative landlord. Since such facts have not been pleaded, Plaintiff's equitable subrogation claim will be dismissed without prejudice.

With respect to Plaintiff's assertion that Defendant's alleged actions constitute negligence *per se*, or building code violation(s), Plaintiff did not assert this claim as a separate count (*see* Doc. #1 at 5). In addition, Plaintiff clarified that these assertions may be further substantiated by discovery (Doc. #1 at 6). In viewing the Complaint in the light most favorable to Plaintiff, the Court is unable to find that it appears beyond doubt that Plaintiff will not be able to prove any set of facts in support of this assertion.

Based on the foregoing, it is hereby **ORDERED**:

1. Defendant Texas Fixture Installers' ("Defendant") Second Motion to Dismiss

the Complaint for Insufficient Service of Process and Lack of Personal Jurisdiction (Doc. #52) is **GRANTED, in part**.

      2.    Count V of Plaintiff's Complaint (Equitable Subrogation) is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of March, 2011.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

6